**UNITED STATES of America,**
**Appellee,**

v.

**James WILSON, Defendant–Appellant.**

**No. 05–6648–CR.**

United States Court of Appeals,
Second Circuit.

Oct. 24, 2006.

Richard A. Miller, Miller & Skubik, LLP (Jacqueline M. Skubik, on the brief), Islandia, NY, for Appellant.

Daniel Silver, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Susan Corkery, Assistant United States Attorneys, on the brief), Brooklyn, NY, for Appellee.

Present DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE, and SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Defendant–Appellant James Wilson appeals from the judgment of the United States District Court for the Eastern District of New York (Platt, *J.*) entered on December 7, 2005, which sentenced Wilson to 200 months imprisonment following his guilty plea to distribution and possession with intent to distribute five grams of a substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). We assume the parties' familiarity with the facts, procedural history, and issues presented for review.

The sentence imposed and the procedures employed by the district court are reviewed for reasonableness. *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006). Reasonableness review "does not entail the substitution of our judgment for that of the sentencing judge" but rather "is akin to review for abuse of discretion." *Id.* at 27.

■ Wilson argues that the sentencing judge failed to properly consider and apply all the factors set forth in 18 U.S.C. § 3553(a) as required by *United States v. Crosby,* 397 F.3d 103, 113–14 (2d Cir.2005). But "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors," and no "robotic incantations" are required. *Fernandez,* 443 F.3d at 30 (quotations omitted). We will not infer that the district court failed to consider the § 3553(a) factors "simply because [it] did not discuss each one individually or did not expressly parse or address every argument relating to those factors that the defendant advanced." *Id.*

> [T]here is no requirement that the court mention the required [§ 3553(a)] factors, much less explain how each factor affected the court's decision. In the absence of contrary indications, courts are generally presumed to know the laws that govern their decisions and to have followed them.

*United States v. Banks,* 464 F.3d 184, 190–91 (2d Cir.2006). Here, the district court explicitly acknowledged on the record that the guidelines were advisory and not mandatory, and Wilson has failed to cite any indication that the district court did not take the § 3553(a) factors into account.

Wilson argues that his sentence "greatly exceeds sentences imposed in similar cases and is therefore unreasonable." There is no support for this assertion. The sentencing court was required to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), and it appears to have done so. The sentence was within the range advised by the Guidelines, which were designed to avoid disparity. *See United States v. Rattoballi,* 452 F.3d 127, 133–34 (2d Cir.2006). Wilson has cited a handful of decisions imposing or affirming lower sentences in different cases with comparable drug quantities. In enacting § 3553(a)(6), however, Congress sought to eliminate sentencing disparities on a national level, *see Fernandez,* 443 F.3d at 32 n. 9, and the cases cited by defendant are far too few and factually dissimilar to implicate this concern.

■ Wilson argues that the district court should have reduced his sentence because of his family circumstances. But the decision to depart downward is within the district court's discretion, and "is generally not appealable" unless the "sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005). Here, there seems to be no dispute about the facts: Wilson's request was based on injuries and deaths in Wilson's family during his youth. And there are no indications that the district court misapprehended its authority to reduce his sentence. This Court will therefore not second-guess the district court's discretionary refusal to depart downward based on Wilson's family circumstances.

■ Wilson also contends that the district court should have departed from the Guidelines to compensate for the disparity between the Guidelines' treatment of crack and powder cocaine, in view of the disproportionate impact of this disparity on particular segments of the population. The district court was not required to attempt to compensate for this disparity by imposing a nonGuidelines sentence; to the contrary, it was prohibited from doing so for anything other than case-specific reasons. "[D]istrict courts may give non-Guidelines sentences only because of case-specific applications of the § 3553(a) factors, not based on policy disagreements with the

disparity that the Guidelines for crack and powder cocaine create." *United States v. Castillo,* 460 F.3d 337, 361 (2d Cir.2006); *see also United States v. Park,* 461 F.3d 245, 250 (2d Cir.2006) (holding that a Guidelines sentence is not per se unreasonable because it uses the Guidelines' 100:1 powder-to-crack cocaine ratio).

In sum, given the nature of Wilson's offense and his criminal history, the district court's sentence was reasonable. We have considered all of Wilson's remaining arguments and find them to be without merit. For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**